IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-165 |
| | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| NASIR ALKHALLEFA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 27, 2008 on the following motions filed by Defendant Nasir Alkhallefa: (1) Revised Motion to Declare the Case Complex [Doc. 16]; (2) Motion for Continuance [Doc. 13]; and (3) Motion to Extend the Time for Defendant to Provide Notice of Intent to Assert an Affirmative Defense Pursuant to 18 U.S.C. § 2252A(c) [Doc. 14]. Attorney Donald Bosch ("Attorney Bosch") and Attorney Ann Short-Bowers ("Attorney Short-Bowers") were present on behalf of their client, Defendant Alkhallefa, who was also present. Assistant United States Attorney Jeff Theodore ("AUSA Theodore") appeared on behalf of the government. The government did not oppose Defendant's motions.

**I.      Revised Motion to Declare the Case Complex**

In this motion, Defendant Alkhallefa requests the Court declare his case "complex" for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii). In support of his motion,

Defendant argues, due to the nature of his case, it is unreasonable to expect adequate preparation for trial currently scheduled for March 19, 2008. Defendant contends he has not had meaningful opportunity to consult with counsel since communication requires the services of an interpreter, which was just recently secured. Moreover, Defendant argues his attorneys have not yet had the chance to review the video recording of his traffic stop by the Knoxville Police Department, which led to the discovery and seizure of his laptop computer and computer related items that are the subject of his indictment in federal court. Finally, Defendant contends discovery in this matter is more complicated in light of the "Adam Walsh Child Protection Act", 18 U.S.C. § 3509(m), which requires all inspection, viewing, and examination of material that constitutes child pornography be coordinated with the government and examined at a government facility.

The Court finds that given the peculiar circumstances of this case, it would be unreasonable to expect the parties to prepare adequately for pretrial matters or for trial within in the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). The Court finds the additional discovery required and the coordination of investigation and review of that discovery with the government constitutes an "unusual ... nature of prosecution." 18 U.S.C. § 3161(h)(8)(B)(ii). Furthermore, the Court finds this case presents a "novel question of law" since Defendant is not an American citizen and has no understanding of American jurisprudence or constitutional law, requiring extra explanation and preparation on the part of defense counsel. Accordingly, Defendant Alkhallefa's Revised Motion to Declare the Case Complex **[Doc. 16]** is **GRANTED**.

## II.     Motion for Continuance

Dovetailing with his Motion to Declare the Case Complex, Defendant Alkhallefa filed a Motion for Continuance [Doc. 13], requesting this Court to continue the pretrial motion filing deadlines, pretrial motion hearings, the pretrial conference, and his trial date. In support of this motion, Defendant contends a continuance is necessary in order to adequately prepare for trial. Defendant states he has yet to review the video recording of his traffic stop, which may give rise to the filing of a suppression motion. Attorney Bosch expressed that review of the video recording and additional discovery is in his client's best interest so that any appropriate pretrial motions may be filed on his behalf. Attorney Bosch confirmed that he has discussed this matter with Defendant, who stated that he understood his right to a speedy trial, has no objection to a continuance, and believes it is in his best interest to continue the case in order to fully review the discovery and have the opportunity to file pretrial motions. When questioned by the Court, Defendant stated that he understood that he will remain in jail pending his new trial date.

The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Section 3161(h)(8)(A) requires the Court to make a finding after carefully considering and balancing multiple factors, including the factors listed in Subsection B. The Court finds that Defendant's request for a continuance of the March 19, 2008 trial date is well-taken and that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that Defendant and his counsel have not had enough time to review the discovery and complete a factual investigation. Further review of the discovery may necessitate additional pretrial

motions and this fact alone necessitates a continuance. The Court finds that failure to grant a continuance would deprive Defendant of the ability to pursue issues which may be identified with proper preparation, including possible suppression motions. See 18 U.S.C. § 3161(h)(1)(F). The Court will then need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have ten days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the ruling on the pretrial motions. The Court finds that all of this could not be accomplished before the trial date of March 19, 2008, or in less than five months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that the time between the date of the filing of pretrial motions, January 17, 2008, and the new trial date of **June 23, 2008** is properly excludable from the operation of the Speedy Trial Act and that the need for further discovery, effective communication between Defendant and counsel, and the possibility of the filing of pretrial motions outweigh the interests of Defendant and the public in a speedy trial. Accordingly, Defendant Alkhallefa's Motion for Continuance **[Doc. 13]** is **GRANTED**. All pretrial motions on behalf of Defendant shall be filed by **April 23, 2008** with responses due from the government on **May 14, 2008.** The Court will hold a hearing on any pretrial motions, including any suppression motions, on **May 22, 2008** and **May 23, 2008.**

**III.     Motion to Extend the Time to Provide Notice of Intent to Assert an Affirmative Defense**

The Child Pornography Prevention Act, 18 U.S.C. § 2252A(c), provides an affirmative defense for violations of the Act if:

> (1)(A) the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct; and
>
> (B) each such person was an adult at the time the material was produced; or
>
> (2) the alleged child pornography was not produced using any actual minor or minors.

Subsection (c) further provides the time line in which a defendant must give notice to the Court and the government of his intent to assert an affirmative defense: the notice must be given "within the time provided for filing pretrial motions or at such time prior to trial as the judge may direct, but in no event later than 10 days before the commencement of the trial..." 18 U.S.C. § 2252A(c).

In this case, Defendant Alkhallefa requests the Court to exercise its discretion and extend the time to file an affirmative defense notice [Doc. 14]. Defendant contends, due to the added layer of procedural complications in the discovery process as a result of the Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509(m), he was in no position to know whether or not an affirmative defense was available to him by the motion cutoff date of February 7, 2008. Thus, Defendant requests this Court extend his deadline and allow him to provide notice of his intent closer to the new trial date of June 23, 2008.

For good cause shown, Defendant's Alkhallefa's Motion to Extend the Time to Provide Notice of Intent to Assert an Affirmative Defense Pursuant to 18 U.S.C. § 2252A(c) **[Doc. 14]** is **GRANTED**. Defendant shall have up to **May 23, 2008** to provide the requisite notice pursuant to 18 U.S.C. § 2252A(c).

Accordingly, it is **ORDERED**:

(1) Defendant's Revised Motion to Declare the Case Complex **[Doc. 16]** is **GRANTED**;

(2) Defendant's Motion for Continuance **[Doc. 13]** is **GRANTED**;

(3) The trial of this matter is reset to commence on **June 23, 2008, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(4) All the time between the **January 17, 2008** date of filing the motions and the new trial date of **June 23, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) Pretrial Motions shall be filed by **April 23, 2008**, and responses shall be filed by **May 14, 2008**;

(6) A Motion Hearing/Pretrial Conference will be held on **May 22 and May 23, 2008 at 9:00 a.m.**, before the Honorable C. Clifford Shirley, United States Magistrate Judge;

(7) Defendant's Motion to Extend the Time to Provide Notice of Intent to Assert an Affirmative Defense Pursuant to 18 U.S.C. § 2252A(c) **[Doc. 14]** is **GRANTED**. Defendant shall have until **May 23, 2008** to provide this Court and the government with notice of his intent to assert an affirmative defense.

**IT IS SO ORDERED**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge